## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAKEDA HAILEGEBEREL<br>3066 Memory Lane<br>Silver Spring, MD 20904<br><br>        Plaintiff,<br><br>        v.<br><br>GROUP HOSPITALIZATION AND<br>MEDICAL SERVICES, INC. d/b/a<br>CAREFIRST BLUECROSS BLUESHIELD<br>Union Center Plaza<br>840 First Street, NE<br>Washington, DC 20065<br><br>        Defendant, | Civil Action No.<br><br>**Jury Trial Demanded** |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Comes now Plaintiff, Makeda Hailegeberel ("Hailegeberel" or "Plaintiff"), through her attorney Morris Fischer, and for her Complaint against CareFirst BlueCross BlueShield ("CareFirst" or "Defendant") alleges as follows:

1. Plaintiff is a resident of Maryland.

2. At all times relevant to this action, Plaintiff was an employee of Defendant within the District of Columbia.

3. At all times relevant to this action, Plaintiff was an eligible employee of Defendant within the meaning of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. 2601 *et seq.*

1

4. Defendant is a [State] [Entity] registered to do business in the District of Columbia and has done business in the District of Columbia at the times relevant to this action.

5. At all times relevant to this action, Defendant was Plaintiff's employer within the meaning of the FMLA.

6. At all times relevant to this action, Defendant was a covered employer within the meaning of the FMLA.

## JURISDICTION AND VENUE

7. Defendant Group Hospitalization and Medical Services, Inc. ("GHMS") is a corporation incorporated under the laws fo the District of Columbia with its principal place of business located at 840 First Street, NE, Washington, D.C. 20065.

8. GHMS does business as a CareFirst Blue Cross BlueShield, and is an independent licensee of the Blue Cross and Blue Shield Association.

9. GHMS provides insurance products and administrative services to individuals and groups and does business in the District of Columbia.

10. This Court has jurisdiction based on Federal Question, Subject Matter Jurisdiction, per the FMLA.

11. This Court has jurisdiction based on Diversity of Citizenship of parties, as the amount in controversy in this case exceeds $75,000.

12. Venue is proper in this District under 28 U.S.C. 1391 because a substantial part of the events giving rise to this action occurred in the District of Columbia and Defendant regularly conducts and transacts business in the District of Columbia.

## COUNT I – TERMINATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

13. The FMLA requires that "an eligible employee shall be entitled to a total of twelve workweeks of leave during any twelve month period" if the employee has a "serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D).

14. Hailegeberel fulfilled these aforesaid requirements and was eligible for FMLA leave.

15. Hailegeberel has applied from the Defendant for and has been certified for intermittent job protected leave under the FMLA since 2018.

16. On or about March 25, 2019, Hailegeberel was not at work due to a serious health condition within the meaning of the FMLA.

17. On or about May 6, 2019, Hailegeberel's job protected leave under the FMLA was denied for the FMLA period beginning on March 30, 2019.

18. The May 6, 2019 denial was purportedly because Hailegeberel's medical information did not support the existence of a serious health condition. Plaintiff continued to appeal that decision with the company to no avail.

19. Hailegeberel's supervisor expressed to Hailegeberel, or to others who shared the sentiment with Hailegeberel, that Hailegeberel's use of FMLA leave was an annoyance.

20. Hailegeberel's supervisor expressed to Hailegeberel, or to others who shared the sentiment with Hailegeberel, that Hailegeberel's use of FMLA made her wish to be "rid of her."

21. After Hailegeberel began using intermittent leave under the FMLA, her supervisor began a pattern, practice, policy or plan of retaliating or discriminating against her because of her use of job protected leave under the FMLA.

22. Specifically, Hailegeberel's supervisor imposed performance improvement plans and other coaching or corrective action which was pretext for discriminating or retaliating against Hailegeberel.

23. Defendant terminated Hailegeberel on May 16, 2019.

24. 29 U.S.C. § 2615. Section 2615(a)(1) makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." Section 2615(a)(2) makes it "unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." Finally, § 2615(b) provides that "[i]t shall be unlawful for any person to discharge or in any other manner discriminate against any individual because such individual — (1) has filed any charge, or has instituted or caused to be instituted any proceeding, under or related to this subchapter; (2) has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under this subchapter; or (3) has testified, or is about to testify, in any inquiry or proceeding relating to any right provided under this subchapter." The FMLA grants employees a cause of action against employers who violate § 2615. *See* 29 U.S.C. § 2617.

25. Defendant harmed Hailegeberel by terminating her in violation of her rights under the FMLA.

26. Defendant's wrongful acts were undertaken maliciously or with reckless indifference with respect to Plaintiff's rights.

## COUNT II – TERMINATION IN VIOLATION OF PUBLIC POLICY

27. Hailegeberel entered a complaint with Defendant's compliance department in approximately June 2018.

28. Hailegeberel's complaint detailed violations of CMS regulations and internal company policies.

29. Hailegeberel reported that Michelle Finney, created a false Current Benefit Summary document and provided it to a Prince George's County Community College Employee Group, human resources representative.

30. Hailegeberel's complaint detailed that Medicare rates were falsely represented on a retiree document which is regulated by CMS.

31. The resulting problem would have been that a claim can be denied and members would be responsible for the uncovered benefit or incorrect benefit.

32. CMS issues penalties to insurance carriers that do not follow the Medicare Communications and Marketing Guidelines.

33. On June 20, 2018, When Plaintiff initially reported the issue to Dave Waltemeyer in the Compliance Department, she asked him if he thought this was a serious issue and what could potentially happen? He said that now that the company knows about the issue, someone in Legal Department would reach out to CMS and notify them of the violation. At that point, CMS would determine a fine/penalty so that the company can continue doing business with CMS.

34. None of that ever happened. No one in the legal department ever reached out to CMS.

35. Plaintiff was a licensed insurance agent and had a fiduciary responsibility to the member and the integrity of her license.

36. Plaintiff had a responsibility to protect the members, to maintain the company's integrity and also make sure the company comes out ahead of the issue to CMS and avoid any action CMS may take against Carefirst if a member complained about incorrect claims processing.

37. As part of her complaint, Hailegeberel opposed an unlawful practice and refused to violate the law herself.

38. Approximately three weeks after Hailegeberel's complaint, she was placed on a performance improvement plan.

39. Hailegeberel challenged the performance improvement plan by refusing to sign it an initiating an appeal of the performance improvement plan.

40. Hailegeberel's appeal of her performance improvement plan was never decided by Defendant.

41. At the end of calendar year 2018, Hailegeberel was given an unfavorable review.

42. Hailegeberel's unfavorable review at the end of calendar year 2018 was retaliatory, motivated by her prior complaint about the company's non-compliance with internal and CMS rules and regulations.

43. After the investigation into Hailegeberel's first complaint concluded on April 23, 2019, she was quickly placed on a second performance improvement plan on April 29, 2019, and was simultaneously offered a severance to leave that day.

44. There was a causal connection between the Plaintiff participating in protected activity and being served with the PIP as well as being terminated.

45. This second performance improvement plan was in escalation of the retaliation.

46. The reasons for the PIP were false.

47. The PIP contended that Plaintiff failed to place full details of her appointments on her calendar; that Plaintiff worked from home without permission; that Plaintiff was disrespectful; that Plaintiff failed to communicate with customers; that Plaintiff didn't actively participate in one on one coaching sessions and that she didn't appear at work on time. Plaintiff appealed this second PIP pursuant to CareFirst HR policy 900.2-Conflict Resolution which states that an employee can request further review of corrective actions due to the false contents of the said PIP. However, that appeal was ignored.

48. Defendant never intended to complete the terms of the performance improvement plan, which was supposed to conclude June 15, 2019, but instead had already made the decision to terminate Hailegeberel and was manufacturing pretext for her termination.

49. Defendant terminated Hailegeberel on May 17, 2019 in retaliation for having filed a complaint.

50. When Defendant terminated Hailegeberel for her complaint, it acted against public policy.

51. The Claims Examiner at the DC unemployment (DOES) found the employer failed to show unacceptable and improper employee conduct.

52. The decision makers who terminated the Plaintiff were aware of her protected activity.

53. Defendant's actions constitute a wrongful termination pursuant to *Adams v. George W. Cochran & Co, Inc.*, 597 A.2d 28, 30 (D.C. 1991).

54. Defendant's has harmed Hailegeberel by its unlawful conduct.

55. Defendant's wrongful acts were undertaken maliciously or with reckless indifference with respect to Plaintiff's rights.

## COUNT III – DEFAMATION

56. Upon information and belief, Defendant has published false statements about Hailegeberel.

57. Sincer her termination, Hailegeberel has:

    a. applied to positions with Kaiser Permanente at least four different times or positions, and has received no response;

    b. applied to positions with Cigna at least seven different times or positions, and has been told that they are no longer hiring or are moving forward with another candidate;

    c. applied to Aetna but was declined for the position;

    d. applied to United Healthcare at least four different times or positions, and has not been interviewed or considered.

58. Hailegeberel believes that exclusion this complete would not occur but for interference by Defendant.

59. Hailegeberel is informed and believes that Defendant is publishing false statements about her to potential employers.

60. Hailegeberel is informed and believes that Defendant's publication of false statements is defamatory.

61. Hailegeberel is informed and believes that Defendant's publication of the defamatory false statements is not privileged.

62. Hailegeberel is informed and believes that Defendant has published the defamatory false statements with the intent to harass, blacklist, and prevent her future employment.

63. Hailegeberel has been harmed by Defendant's wrongful, defamatory, and false statements.

64. Defendant's wrongful acts were undertaken maliciously or with reckless indifference with respect to Plaintiff's rights.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff demands the following relief:

a) Plaintiff's lost wages;

b) Plaintiff's actual damages;

c) Plaintiff's consequential damages;

d) Compensatory damages for the harm to Plaintiff's reputation;

e) Liquidated damages under the FMLA;

f) Punitive damages;

g) Injunctive relief in the form of restoration to her position;

h) Plaintiff's attorney's fees;

i) Such other damages as this Court determines to be necessary and proper.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury on all matters properly tried to a jury.

Respectfully Submitted,

*Morris E. Fischer, Esq.*
_____
Morris E. Fischer, Esq.
Law Office of Morris E. Fischer, LLC
DC Bar No. 490369

8720 Georgia Avenue
Suite 210
Silver Spring, MD 20910
(301) 328-7631 phone
(301) 328-7638 fax
Attorney for Plaintiff